IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOHN F. KENNEDY,** *solely in his capacity as Receiver for the Receivership Estate of Education Corporation of America, Virginia College LLC, and New England College of Business and Finance LLC*, **and MONROE CAPITAL MANAGEMENT ADVISORS LLC,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:23-cv-00080-TES** |

**ORDER DENYING MOTION TO DISMISS AS MOOT**

Before Plaintiff John F. Kennedy, as the Receiver for the Receivership Estate of Education Corporation of America, Virginia College LLC, and New England College of Business and Finance LLC, and Plaintiff Monroe Capital Management Advisors LLC, filed their Amended Complaint [Doc. 14], Defendant National Union Fire Insurance Company of Pittsburgh, Pa., (hereinafter "National Union") filed a Motion to Dismiss [Doc. 6] Plaintiffs' original Complaint [Doc. 1].

Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483

F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and [it] is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). Further, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). An amended complaint that does not incorporate the prior pleading, however, moots "the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." *Wimberly v. Broome*, No. 6:15-cv-23, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (citing cases).

The Court has reviewed Plaintiffs' Amended Complaint and found no reference to, or adoption of, any allegations set forth in its original Complaint. Therefore, Plaintiffs' Amended Complaint is the sole operative pleading in this case and renders moot National Union's pending Motion to Dismiss. Accordingly, the Court **DENIES** National Union's Motion to Dismiss [Doc. 6] **as moot**.

**SO ORDERED**, this 24th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
